IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY JENKINS, ET AL., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE HOWARD UNIVERSITY, ET AL., )<br>)<br>Defendants ) | Case Action No.:_____<br>Judge:_____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1331, 1441 and 1446, Defendants, by and through their undersigned counsel, respectfully notify this Court that they have removed the action styled *Jenkins v. Howard University*, Case No. 2021-CA-004729B (the "State Court Action") from the Superior Court of the District of Columbia (the "State Court") to the United States District Court for the District of Columbia. In support of this Notice of Removal, Defendants state as follows:

## PARTIES

1. Defendant The Howard University (the "University")[1] is a federally chartered non-profit educational institution originally organized by an act of the United States Congress. *See* 14 Stat. 438. The University is a creature of federal law and it has *not* opted into the non-profit laws of the District of Columbia or of any state. *See* D.C. Code Mun. Regs. §17-705.4.

2. In granting a federal charter that created the University, Congress declared that the University would be "a body politic and corporate, with perpetual succession in deed or in law to all intents and purposes whatsoever. . ." *See* 14 Stat. 438, Sec. 2. Congress further provided that

---

[1] The University is incorrectly identified as "The Howard University, Inc." in both Plaintiffs' complaint and the amended complaint. To Defendants' knowledge, no such entity exists.

the "government of the university shall be vested in a board of trustees" who were granted authority to "enact by-Laws, not inconsistent with the laws of the United States, regulating the government of the corporation." *Id.* at Sec. 3, 4. The charter further provides that: "all meetings of. . . [the] Board [of Trustees] may be called in such a manner as the trustees shall prescribe. . ." *Id.* at Sec. 4.

3.     Defendants also include the following alleged individual members of the University's Board of Trustees (the "Board"): Laurence C. Morse, Leslie D. Hale, Mark A.L. Mason, Minnie Baylor-Henry, Charles Boyd, Chris Carr, Donald B. Christian, Godfrey Gill, Dr. Richard Goodman, Marie C. Johns, Jill B. Lewis, James T. Murren, Hillary Rosen, Reed Tuckson, Chris Washington, Danette G. Howard, Alphonso Jackson, Ronald Rosenfeld, Shelby Stewart Jr. and Bernice P. Wiley (collectively, the "Trustee Defendants"). *See* Amended Complaint, Exh. A at ¶14.

4.     Plaintiffs allege that they are individual alumni of the University. None of the Plaintiffs are alleged to be current faculty or employees of the University, or current members of the Board, or even acting on behalf of the University's Alumni Association. *See* Exh. A at ¶¶2-11.

## BACKGROUND

5.     Plaintiffs commenced this action by filing a complaint on or about December 16, 2021 in the State Court. In their original complaint, Plaintiffs asserted a single cause of action seeking a declaratory judgement calling for an interpretation of the University's internal governance documents. Specifically, Plaintiffs alleged that certain votes by the Trustee Defendants—including votes for the election of members of the Board of Trustees—violated

various provisions of the University's bylaws. *See* Complaint, Exh. B at ¶¶ 75-82. *See also* The Howard University Bylaws of the Board of Trustees, amended October 26, 2018, Exh. C.

6. On or about February 14, 2022, Plaintiffs allegedly filed an amended pleading in the State Court (the "Amended Complaint"). The Amended Complaint essentially repeats the allegations of the original complaint and adds an additional cause of action alleging that the Trustee Defendants breached fiduciary duties they allegedly owed to the University by taking actions previously alleged in the original complaint to violate the University's bylaws. *See* Exh. A at ¶¶ 91-98.

7. As reflected in the e-mail correspondence attached hereto as Exhibit D, Plaintiffs effected service on March 2, 2022 by providing Defendants' counsel with the original complaint, the amended complaint and summons for some (but not all) of the Trustee Defendants.[2] True and correct copies of all papers served upon Defendants' counsel on that date are attached hereto as Exhibit E.

8. On March 2, 2022, the State Court entered an order extending the deadline for Plaintiffs to effect service, scheduling an initial conference, and providing that Defendants would respond to Plaintiffs' initial pleading by May 2, 2022. *See* Exh. F. There have been no other proceedings in the State Court and none of the Defendants have entered an appearance in that case. To date, Defendants have not responded to the Complaint or Amended Complaint; they will do so before the May 2 deadline set forth in the State Court's order. A copy of the State Court docket is attached hereto as Exhibit G.

---

[2] Although Plaintiffs did not serve a summons for each of the Trustee Defendants, counsel for Defendants accepted service on behalf of all Defendants to facilitate the efficient progress of this litigation.

**FEDERAL QUESTION JURISDICTION**

9. This case is removable on the basis of federal question jurisdiction. Under 28 U.S.C. §1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

10. Removal of this case is proper under 28 U.S.C. §1441 (a), which authorizes removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

11. Plaintiffs allege that the University and the Trustee Defendants have violated the University's internal governance documents relating to the University's federally mandated charter. *See* Amended Complaint, Exh. A at ¶¶ 51-64. As a result, this Court has subject matter jurisdiction over this matter both because Plaintiffs' claims arise under the laws of the United States and because Plaintiffs' claims raise a substantial federal question.

**"ARISING UNDER" JURISDICTION**

12. As the United States Supreme Court has recognized, the internal affairs of an entity are governed by the laws of the jurisdiction that grants that entity its existence. *See, e.g., CTS Corp. v. Dynamics Corp. of Amer.*, 481 U.S. 69, 90 (1987) (the "free market system depends at its core upon the fact that a corporation—except in the rarest situation—is organized under and governed by, the law of a single jurisdiction, traditionally the corporate law of the State of incorporation"); *Edgar v. MITE Corp.*, 457 U.S. 624, 625 (1982) (internal affairs doctrine applies to "matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders, are a corporation's internal affairs governed by the law of the place of incorporation."). The internal affairs doctrine is not merely a discretionary judicial rule, but an

affirmative constitutional requirement.  *See, e.g., Salzberg v. Sciabacucchi*, 227 A. 3d 102, 128 (Del. 2020).

13. In this instance, the internal affairs of the University are governed by its federal charter and its federally authorized bylaws.  These internal governance documents constitute federal law.  *See, e.g., K.V. Mart Co. v. United Food and Com. Workers, Int'l,* 173 F. 3d 1221, 1225 (9th Cir. 1999) ("federally chartered corporations are . . . entirely defined by federal law.").

14. For example, the University is explicitly contemplated as a direct line item in the Department of Education (DOE) Budget Summary, beyond receiving general federal education funding under various DOE programs.  *See* Exh. H, U.S. Department of Education Fiscal Year 2023 Budget Summary at 59. Other internal processes for the University are also federally codified.  *See* 20 U.S.C. § 121 *et seq.*  These facts further exemplify how federal law governs the University's internal affairs.

15. Because Plaintiffs are seeking a declaration of the interpretation of governance documents created and governed by federal law, and because Plaintiffs' claims concern the internal affairs of a federally chartered institution, their claims necessarily arise, on their face, under federal law.

## **"SUBSTANTIAL FEDERAL QUESTION" JURISDICTION**

16. Additionally, this Court has subject matter jurisdiction over this matter because Plaintiffs' claims necessarily raise substantial and disputed questions of federal law.  *See generally District of Columbia v. Grp. Hospitalization and Med. Servs..*, 576 F. Supp. 2d 51 (2008) (claims arising from the governance documents of a federally-charted entity raised a substantial federal question and thereby are subject to federal matter jurisdiction).

17. A complaint bringing state-law claims is removable based on 28 U.S.C §§ 1331 and 1441 if those claims "implicate significant federal issues." *See Grable & Sons Metal Prods., Inc. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). "[A] federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law." *Id.*

18. Here, Plaintiffs' claims necessarily present substantial questions of federal law arising from the interpretation of the University's federal charter and of the bylaws adopted pursuant to that federal charter.

19. The First Count of Plaintiffs' Amended Complaint alleges that the Trustee Defendants violated the University's bylaws in multiple ways. *See* Exh. A at ¶26 (identifying votes by the Board of Trustees that allegedly violated the University's bylaws); ¶81 (alleging that Plaintiffs' claims are "rooted" in the alleged violation by the [Board of Trustees] of its bylaws. . ."; ¶¶82, 86 (alleging violations of various bylaw provisions). Resolving those claims necessarily will require the Court to apply federal law by interpreting the University's federal charter.

20. The First Count also seeks to have a provision of the University's current bylaws— bylaws adopted pursuant to and authorized by the University's current federal charter—declared invalid. *See id.* at pages 24-25. Again, this claim will require the Court to apply and construe a federal charter and bylaws governed by federal law.

21. The Second Count of Plaintiffs Amended Complaint is derivative of the First Count and alleges that the Trustee Defendants breached their alleged fiduciary duties to the University by taking the supposedly illegal actions alleged in the First Count. *See, e.g., id.* at ¶¶95 ("the trustees' actions clearly violated then applicable by-laws"); 98 (amendment of bylaws constituted breach of fiduciary duties). To determine whether the Trustee Defendants have breached their

fiduciary duties, the Court must first determine whether there has been any violation of either the University's federal charter or its federally-authorized bylaws.

22. Thus, both counts of the Amended Complaint require the Court to decide disputed and substantial issues of federal law – namely, the interpretation of the University's bylaws and the authority provided to the Board of Trustees by the University's federal charter with respect to the conduct of meetings and the adoption of bylaws.

23. The disputed federal issues regarding construction of the University's charter and bylaws are substantial because they concern the core mission and governance of an entity that Congress created by the grant of a special charter.

24. Because a limited number of institutions of higher learning have been created by Congress, and because no state has an interest in the internal affairs of a federally chartered institution, the Court's assertion of jurisdiction would not disturb the federal-state balance-of-power.

## PROCEDURAL REQUIREMENTS

25. For the foregoing reasons, this Court has jurisdiction over this matter based on federal question jurisdiction and this action may be removed to this Court pursuant to 28 U.S.C. §§ 1331 and 1441.

26. Under 28 U.S.C. § 1446 (b), this Notice of Removal must be filed within 30 days of service on each of the Defendants' Complaint and Summons. Service was effected on March 2, 2022 and this Notice of Removal is timely filed.

27. Pursuant to 28 U.S.C. § 1446 (a), copies of all process, pleading and other papers received by Defendants are attached hereto as Exhibits D, E, F, and I.

28. Pursuant to 28 U.S.C. § 1446 (d), a copy of this Notice of Removal is being contemporaneously filed with the Clerk of the State Court.

29. Defendants will serve this Notice of Removal on counsel for the Plaintiffs: Donald M. Temple, Esq., 1310 L Street, N.W. Suite #750, Washington, D.C. 20005.

30. Venue is proper in this District pursuant to 28 U.S.C. § 1441 (a) because this district embraces the place where the State Court Action is pending.

31. By filing this Notice of Removal, Defendants do not waive any defense which may be available to them. Defendants respectfully reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendants respectfully notice that this action, pending in the State Court, is hereby removed therefrom to this Court and that further proceedings in this action be conducted exclusively in this Court as provided by law.

Respectfully submitted this 31 day of March, 2022,

*/s/ Lillian S. Hardy*
Lillian S. Hardy (D.C. Bar No. 991282)
J.A. Sagar (D.C. Bar No. 1720535)
(*notice of appearance forthcoming*)
Toccara M. Nelson (D.C. Bar No. 1671708)
(*notice of appearance forthcoming*)
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004-1109
Tel.: (202) 637-5600
Fax: (202) 637-5910
lillian.hardy@hoganlovells.com
jo-ann.sagar@hoganlovells.com
toccara.nelson@hoganlovells.com

Lauren S. Colton (of counsel)
Scott R. Haiber (of counsel)
HOGAN LOVELLS US LLP
100 International Drive, Suite 2000
Baltimore, MD 21202
Tel.: (410) 659-2700
Fax: (410) 659-2701
lauren.colton@hoganlovells.com
scott.haiber@hoganlovells.com

*Attorneys for Defendants*